IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYRSTAL WILLIAMS et al., : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | NO. 14-5204 |
| : | |
| USAA CASUALTY INSURANCE CO., : | |
| Defendant. : | |

**Jones, II       J.**                                                                                              **January 28, 2015**

### Memorandum

**I.   Background**

Crystal Williams, Zena Downing, and Sherena Downing ("Plaintiffs") filed suit against USAA Casualty Insurance Company ("Defendant") relating to an incident where Plaintiffs were driving in a motor vehicle insured by Defendant that was struck by an unknown, uninsured driver who crossed into Plaintiffs' lane. (Compl. ¶¶ 8-10.) As a result of this accident, Plaintiffs required medical care and treatment, physical therapy, and other rehabilitative services. (Compl. ¶¶ 11-14.) Plaintiff Williams, the driver of the car, had an insurance policy ("the Policy") with Defendant which contained Uninsured/Underinsured Motorist Coverage and First-Party Benefits, which Plaintiffs contend should have applied to this incident. (Compl. ¶¶ 17-18.)

Plaintiffs allege three causes of action: (Count I) Defendant breached the Uninsured/Underinsured Motorist Coverage in the Policy, (Compl. ¶¶ 19-25), (Count II) Defendant breached the Policy by failing to pay first-party benefits, (Compl. ¶¶ 26-36), (Count III) Defendant acted in bad faith in violation of 42 Pa.C.S.A. § 8371. (Compl. ¶¶ 37-42.)

Defendant moved to dismiss Count I and III. (Dkt No. 3, Mot. to Dismiss [hereinafter MTD].) Defendant argues that these two claims concern Plaintiffs' allegations that Defendant acted in bad faith. Count I concerns a common law duty of good faith and fair dealings. Count III is a Pennsylvania statutory requirement of good faith specific to insurance coverage.

## II.     Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## III.    Discussion
### a. Plaintiffs' Count I is sufficiently pled to withstand this Motion to Dismiss.

In Count I, Plaintiffs allege that Defendant breached the Uninsured/Underinsured Motorist Coverage under the Policy. Plaintiffs make a number of allegations in this Count that sound like accusations of the breach of good faith and fair dealing.

Insurance contracts in Pennsylvania have an implied covenant of good faith and fair dealing. *Zaloga v. Provident Life and Acc. Ins. Co. of Am.*, 671 F.Supp.2d 623, 629 (M.D. Pa. 2009). However, breach of the covenant of good faith and fair dealing cannot be a standalone claim. *Gallo v. PHH Mortg. Corp.*, 916 F.Supp.2d 537, 551 (D.N.J. 2012) (citing *Zaloga*, 671 F.Supp.2d at 630). A breach of the covenant of good faith and fair dealing merges with a breach of contract claim. *Tubman v. USAA Cas. Ins. Co.*, 943 F.Supp.2d 525, 529 (E.D. Pa. 2013) (collecting cases). Thus, the Court construes Count I as alleging a breach of contract claim, with which the allegations sounding in breach of the duty of good faith and fair dealings are subsumed. *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F.Supp.2d 354, 369 (E.D. Pa. 2009).

In determining whether Count I survives Defendant's Motion to Dismiss, the Court first differentiates between well pled facts and conclusory legal statements. Plaintiffs allege that Defendant breached the Policy's Uninsured/Underinsured Motorist Coverage provision by failing to fairly evaluate Plaintiff's uninsured motorist claim, failing to promptly offer a reasonable and fair value for the claim, and failing to act in good faith in its investigation, evaluation, and negotiations with Plaintiffs around their claim. (Compl. ¶¶ 19-25.) Plaintiffs' claims that Defendant did not act "in good faith" and did not act "fairly" are conclusory legal arguments that are not privy to the Court's deference. *Accord Hersh v. CitiMortgage, Inc.*, 2013 WL 6858443, at *5 (W.D. Pa. 2013). The Court ignores such declarations for the purposes of deciding this Motion.

In contrast, throughout the Complaint, Plaintiffs have alleged sufficient facts that do support a claim for breach of the actual contractual language of the Policy as to the Uninsured/Underinsured Motorist Coverage provision, above and beyond Plaintiffs' conclusory arguments as to the alleged violation of the implied covenant of good faith and fair dealing; such factual allegations include:

(1) Plaintiffs were struck by an uninsured vehicle crossing into Plaintiffs' lane of travel. (Compl. ¶ 9.)

(2) When the accident occurred, Plaintiff Williams had a policy with Defendant. (Compl. ¶ 8.)

(3) The Policy "contained a provision for Uninsured/Underinsured Motorist Coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage." (Compl. ¶ 17)

(4) Plaintiffs complied with all the terms, conditions, and duties of the Policy. (Compl. 18.)

(5) Defendant did not make any payment to Plaintiffs under the Uninsured/Underinsured Motorist Coverage provision of the Policy. (Compl. ¶ 23.)

(6) Plaintiffs have suffered damages because of this failure to make payments under the Policy's Uninsured/Underinsured Motorist Coverage. (Comp. ¶ 15.)

Thus, at this stage, Defendant has been fairly put on notice as to Plaintiffs' claims and Plaintiffs have sufficiently alleged facts to substantiate a breach of contract claim regarding the Uninsured/Underinsured Motorist Coverage provision.

### b. Plaintiffs do not state a plausible claim for relief under Count III.

To recover under section 8371, a two-part test inquires: (1) whether the insurer lacked "a reasonable basis for denying benefits under the policy" and (2) whether the insurer "knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. 1994); *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *see also Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F.Supp.2d 591, 598 (E.D. Pa. 2010) (citing *Toy v. Metropolitan Life Insurance Co.*, 593 Pa. 20, 31 (2007)). Plaintiff must prove this by "clear, direct, weighty and convincing" evidence. *Mattia v. Allstate Ins. Co.*, 2014 WL 2880302, at *4 (E.D. Pa. 2014) (quoting *Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d 747, 752 (3d Cir.1994) (internal citations omitted).

In the Complaint, Plaintiffs allege that Defendant failed to "objectively and fairly evaluate Plaintiffs' claims," failed to "implement reasonable standards in evaluating Plaintiffs' claim," "acted unreasonably and unfairly in response to Plaintiffs' claim," failed to attempt "in good faith to effectuate a fair, prompt and equitable settlement of Plaintiffs' claim. (Compl. ¶ 38.) Plaintiffs do not allege facts necessary to demonstrate what Defendant's actions actually were, why they were unfair or unreasonable, how such actions were carried out, or when such unreasonable or dilatory delay occurred.

The allegations are solely conclusory. There are no factual allegations sufficient to make out Plaintiffs' claim for bad faith. *Accord Clark v. Progressive Advanced Ins. Co.*, 2013 WL 1787566, at *1 (E.D. Pa. 2013); *Cobb v. State Farm Ins. Companies*, 2012 WL 1388049, at *1 (E.D. Pa. 2012). Plaintiffs present only legal conclusions which are not entitled to deference. Plaintiffs do not allege facts that tend to show that Defendant did not have a reasonable basis for denying the claim or that Defendant showed reckless disregard for said lack of reasonable basis. Plaintiffs' "bare-bones" conclusory allegations do not state a plausible bad faith claim. *Accord Mattia*, 2014 WL 2880302, at *4; *Atiyeh*, 742 F.Supp.2d at 599-600; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *Robbins v. Metro Life Co. of Connecticut*, 2008 WL 5412087, at *7-8 (E.D. Pa. 2008).

The Court cannot conceive of how such allegations would benefit from amendment and dismiss Count III with prejudice.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.